IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANITA JONES  :  | |
| : | CIVIL ACTION |
| v.  : | |
| : | NO. 21-3314 |
| EXPERIAN INFORMATION  : | |
| SOLUTIONS, INC., ET AL.  : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                              **SEPTEMBER 6, 2022**

Presently before the Court are Defendant Randolph-Brooks Federal Credit Union's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue or Dismiss (ECF No. 29) and Defendant First Texas Bank's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (ECF No. 74). Plaintiff sues Defendants Randolph-Brooks Federal Credit Union and First Texas Bank for furnishing inaccurate information to credit reporting businesses that Plaintiff asserts is not evidence of her financial activity, but instead is the result of an individual stealing her identity and opening various accounts at these businesses and others. In its Motions, Defendants argue that this Court does not have specific or general personal jurisdiction over them, and therefore, the case must be dismissed for lack of jurisdiction. For the following reasons, Defendants' Motions will be granted.

**I.      BACKGROUND**

Plaintiff originally filed suit against ten defendants, seven of whom have been voluntarily dismissed since she filed her Complaint. Each of the original defendants is a corporation engaged in the business of either credit reporting or consumer lending. (Compl. ¶ 5-14, ECF No.

1.) The two defendants at issue, Randolph-Brooks Federal Credit Union ("Randolph-Brooks") and First Texas Bank ("First Texas"), are both consumer lending businesses located in Texas. (*Id.* ¶ 9, 14.) According to the Complaint, the consumer lending defendants furnished inaccurate data on Plaintiff's credit reports regarding the activities of accounts that Plaintiff did not open or authorize anyone to open in her name, and that the credit reporting defendants published the inaccurate data. (*Id.* ¶ 15-30.) Plaintiff disputed the accuracy of the trade lines of the consumer lending defendants with the credit reporting defendants and advised the credit reporting defendants, who she believes notified the consumer lending defendants, multiple times that she was a victim of identity theft. (*Id.* ¶ 31-35.) Despite these communications, the credit reporting defendants continued publishing the information. (*Id.* ¶ 65.) Plaintiff filed a Complaint, alleging one count of violation of the Federal Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and one count of defamation of character.

Randolph-Brooks is a member-owned, not-for-profit financial cooperative organized under Texas laws with its headquarters in Texas. (Decl. of Amanda Ibarra ¶ 3, ECF No. 52.) Its branches are all in Texas, and it does not intentionally advertise or solicit business outside of Texas. (*Id.* ¶ 4.) Randolph-Brooks has no employees or property in Pennsylvania. (*Id.* ¶ 5.) According to Randolph-Brooks' records, Plaintiff applied for six loans and one credit card, of which two loans were funded, following an in-person application at one of the Randolph-Brooks branches in Texas. (*Id.* ¶ 6, 9.) When Plaintiff applied, she supposedly provided her driver's license, which listed a Texas address. (*Id.* ¶ 6.) Randolph-Brooks asserts that it was never aware that Plaintiff "moved her residence to Pennsylvania." (*Id.* ¶ 14.)

First Texas is a small, privately owned bank with its headquarters in Texas. (Decl. of Van P. Swift ¶ 2, ECF No. 74.) All of its offices, branches, employees, and records are located

in Texas.  (*Id.*)  First Texas does not actively solicit business outside of Texas, conduct any business in Pennsylvania, or own any assets in Pennsylvania.  (*Id.* ¶ 3.)  According to First Texas's records, Plaintiff applied for a loan in person and submitted a Texas driver's license and a Texas automobile liability insurance card, both of which stated that her address was in Texas.  (*Id.* ¶ 5-8.)

## II.     LEGAL STANDARD

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) when a court lacks personal jurisdiction over a defendant.  In order to "survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).  However, "when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction . . . . "  *Id.* at 97 (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)).  In deciding a motion under Rule 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Pinker*, 292 F.3d at 368 (citation omitted).

A district court has personal jurisdiction over a nonresident defendant to the extent allowed by the law of the state where the court sits, subject to the constitutional limitations of due process.  Fed. R. Civ. P. 4(e).  Pennsylvania's long-arm statute allows a court to exercise jurisdiction over a nonresident defendant "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa. Cons. Stat. § 5322(b); *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020).

"Personal jurisdiction can be either general jurisdiction or specific jurisdiction." *Id.* "General jurisdiction exists 'when the plaintiff's claim arises out of [the] defendant's 'continuous and systematic' contacts with the forum state.'" *Malik v. Cabot oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (quoting *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016)). Specific jurisdiction, on the other hand, "is present 'when the cause of action arises from the defendant's forum-related activities.' " *Id.* (quoting *Chavez*, 836 F.3d at 223). The exercise of specific jurisdiction over a defendant "requires a finding that the defendant 'purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Id.* at 564 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "If those two requirements are met, then we are required to determine whether the exercise of jurisdiction otherwise comport[s] with 'fair play and substantial justice.'" *Id.* at 564-65 (quoting *Rudzewicz*, 471 U.S. at 476). Finally, "a court must analyze questions of personal jurisdiction on a defendant-specific and claim-specific basis." *Miller Yacht Sales*, 384 F.3d at 95 n.1.

### III.   DISCUSSION

Defendants move to dismiss the Complaint for lack of personal jurisdiction. Plaintiff argues that this Court has both general and specific jurisdiction over Defendants. However, there is no evidence that Defendants intended to do business with anyone in Pennsylvania. The record instead reflects that they both believed the person opening accounts in Plaintiff's name to be from Texas. Because there is no evidence that Defendants purposefully availed themselves of this Court's jurisdiction, Defendants' Motions to Dismiss will be granted.

Since Defendants have challenged the Court's personal jurisdiction, Plaintiffs bear the burden "to come forward with sufficient facts to establish that jurisdiction is proper." *Danziger*,

4

948 F.3d at 129 (internal citation omitted).  Without having conducted an evidentiary hearing, as is the case here, Plaintiffs need only establish "a *prima facie* case of personal jurisdiction." *Miller Yacht Sales*, 384 F.3d at 97.  Nevertheless, Plaintiffs must allege "specific facts" and not vague or conclusory assertions.  *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007).

    A.    **General Jurisdiction**

In order to be subject to a forum's general jurisdiction, the defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  Generally, a corporation is only at home in the place of its incorporation and principal place of business*, id.* at 137, but in exceptional cases, "a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'"  *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014)).  "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. at 137.

Defendants are not at home in Pennsylvania.  Both Defendants are headquartered in Texas, have branches solely in Texas, do not solicit business outside of Texas, and have no employees or property in Texas.  (Decl. of Amanda Ibarra ¶ 3-14; Decl. of Van P. Swift ¶ 2-8.)  Plaintiff asserts that this Court has general jurisdiction over Defendants because both Defendants (1) reported on the credit of Plaintiff, who is a Pennsylvania resident, (2) attempted to collect an alleged debt from Plaintiff, and (3) extended credit and charged interest to Plaintiff.  (Pl. Danita Jones' Resp. in Opp. To Def. Randolph-Brooks Federal Credit Union's Mot. to Dismiss, ECF No. 36-3, 7; Pl. Danita Jones' Br. in Opp. To Def. First Texas Bank's Mot. to Dismiss, ECF No. 76, 7.)  But even assuming that Defendants were aware that Plaintiff was Pennsylvanian (the

undisputed record suggests that Defendants did not), these small, discrete contacts are insufficient to render Defendants at home in Pennsylvania.  Plaintiff has failed to show that Pennsylvania has general jurisdiction over Defendants.

### B. Specific Jurisdiction

"Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or related to' those activities.'" *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.,* 229 F.3d 254, 259 (3d Cir.2000) (quoting *Burger King,* 471 U.S. at 472).  A plaintiff must show  (1) the defendant "purposefully directed [its] activities" at the forum; (2) the plaintiff's claims "arise out of or relate to" at least one of those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice.  *Danziger*, 948 F.3d at 129-30.  Courts must determine whether the defendant "purposefully avails itself of the privilege of conducting activities within the forum State."  *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011).

Plaintiff asserts that this Court has specific jurisdiction over the Defendant Randolph-Brooks because out-of-state applicants, including veterans or individuals with family members who are Randolph-Brooks members, can qualify for membership.  (Pl.'s Resp. in Opp., 8-9.) Plaintiff further claims that this Court has specific jurisdiction over Defendant First Texas because it "provides no evidence (but for a self-serving [a]ffidavit) that it does not specifically direct its activities at residents of the Eastern District of Pennsylvania."  (Pl.'s Br. in Opp., 8.) Plaintiff points out that *she* was a Pennsylvanian First Texas consumer (by way of fraud), and asserts that First Texas aimed tortious conduct at Plaintiff by collecting and reporting Plaintiff's credit.  (*Id.* at 8-9.)

We first note that, contrary to Plaintiff's assertion, it is Plaintiff's burden to show a *prima facie* showing of jurisdiction, not Defendants' burden to produce evidence to disprove it. *Miller*, 384 F.3d at 97. In any event, each Defendant produced evidence in the form of an affidavit. Moreover, Plaintiff failed to assert that Defendants knew that Plaintiff is from Pennsylvania. This is a fatal flaw in her claim. *See Harris v. Trans Union, LLC*, 197 F. Supp. 2d 200, 206 (E.D. Pa. 2002) (applying the effects test and determining that the plaintiff "failed to provide the court with any evidence to support his contention that [the defendant utility company] even knew he was a resident of Pennsylvania. Barring such proof, we cannot hold that [the defendant] expressly aimed any tortious conduct at the forum."). The record shows that Defendants had every reason to believe Plaintiff lived in Texas, and the deception of an identity thief caused them to unintentionally report on the credit of a consumer from Pennsylvania. The mere fact that they reported Plaintiff's credit is insufficient to satisfy the constitutional requirement that Defendants purposefully avail themselves of a forum. *See Mohler v. Golden 1 Credit Union*, No. 17-02261, 2018 WL 7075296, at *4 (M.D. Pa. Dec. 17, 2018), *report and recommendation adopted,* No. 17 -2261, 2019 WL 247396 (M.D. Pa. Jan. 17, 2019) (holding that merely "reporting to third-party credit bureaus and responding to [the plaintiff's] mail" was insufficient to establish specific jurisdiction); *Weinstein v. Pullar*, No. 13-4502, 2013 WL 6734317, at *5 (D.N.J. Dec. 19, 2013) (holding that injury in the plaintiff's state of residence alone is insufficient to show conduct was aimed at a forum under the effects test); *Agbottah v. Orange Lake Country Club*, No. 12-1019, 2012 WL 2679440, at *4 (D.N.J. July 6, 2012) ("merely filing a credit report does not demonstrate 'purposeful availment' within the target state").

We are sympathetic to Plaintiff, who alleges that she is a victim of identity theft, but she is nevertheless unable to bring suit in Pennsylvania, her home state. Jurisdictional analysis

7

centers on the *defendant's* contacts, not the plaintiff's lack of contacts in the defendant's state of residence. We will not haul Defendants into court in Pennsylvania where they have no purposeful contacts with the forum.[1]

## IV. CONCLUSION

For the foregoing reasons, Defendants Randolph-Brooks Federal Credit Union's and First Texas Bank's Motions to Dismiss will be granted. An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] Defendants also argue in the alternative that we should grant discretionary transfer of this matter under 28 U.S.C. § 1404(a), and Defendant Randolph-Brooks requests that we enforce an arbitration agreement, supposedly made between Defendant and Plaintiff in the course of issuing the disputed loans. Because we dismiss the case due to lack of personal jurisdiction, we need not reach the merits of either of these arguments.